UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELAINE LUDWIG, ET AL.                                            CIVIL ACTION

VERSUS

PHH MORTGAGE CORPORATION                           NO. 22-00349-BAJ-EWD

RULING AND ORDER

Before the Court is Defendant's **Motion To Dismiss For Lack Of Jurisdiction (Doc. 58)**, which seeks dismissal of Plaintiff William J. Ray from this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1) for Ray's alleged lack of standing. The Motion is opposed. (Doc. 66). Defendant filed a Reply. (Doc. 70).

This case concerns the use and possession of insurance proceeds that were distributed to Plaintiff Elaine Ludwig and Defendant for hurricane-related damage to Ludwig's home (the "Property"). (Doc. 1-1). The Property is subject to a reverse mortgage held by Defendant. (*Id.* at ¶ 2). According to the terms of this reverse mortgage, insurance proceeds are to be held by Defendant and doled out to Ludwig as repairs progress, so long as those repairs are done in accordance with a series of terms and conditions set by Defendant. (*Id.* at ¶ 5). Plaintiffs contest these conditions, and, upon Defendant's refusal to allow Ludwig to cash the proceeds of this check without their involvement, filed suit alleging conversion of the check, breach of contract, negligent and/or intentional infliction of emotional distress, fraud, and violation of the Fair Debt Collection Practices Act. (*Id.*).

Ludwig purchased the Property prior to her marriage to Ray. (Doc. 58-2). It is uncontested that Ray is not listed as a borrower or insured under any of the contractual documents at issue, and that the Property is entirely Ludwig's separate property. (Doc. 58-5 at pp. 1-3). Despite this, Plaintiffs bring this matter jointly, and assert that Ray possesses standing by virtue of his status as Ludwig's spouse as well as his residing at and improving the Property over the past several years. (Doc. 66 at pp. 2-4). In support of this position, Plaintiffs point to various cases for the proposition that, under Louisiana law, spouses and family members can have economic interests over properties in which they reside or improve even when said persons do not own the relevant property. (*Id.*). From here, Plaintiffs provide that the "salient portion of the definition of 'insurable interest' found in LSA R.S. 22:614 means 'any lawful and substantial *economic interest* in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage.'" *Stokes v. Republic Underwriters Ins. Co.*, 387 So.2d 1261, 1262 (La. App. 1980) (emphasis added). Based on this chain of reasoning, Plaintiffs conclude that Ray possesses an insurable interest in the Property, and that he therefore has standing to join in bringing suit on insurance proceeds relating thereto.

Defendant contests Plaintiffs raising the claim that Ray potentially possesses insurable interests at this stage in the litigation, that Ray possesses insurable interests at all, and that, even if Ray does possess such interests, he cannot maintain claims against Defendant in the absence of any sort of contractual relationship. (Doc. 70).

The Court concurs with Defendant on its final point, and reaches no conclusions on the others. This matter revolves around the reverse mortgage contract and supplementary contracts executed by and between Ludwig and Defendant, a relationship that Ray is not a part of. (*See* Doc. 58-5 at pp. 2-3). To maintain claims stemming from an alleged breach of contract, plaintiffs must either be in privity of contract with a given defendant or possess some third-party beneficiary rights. *Aron v. G. Lewis-Louisiana No.2, L.L.C.*, No. CV 21-136-SDD-SDJ, 2023 WL 157794, at *2 (M.D. La. Jan. 11, 2023) (C.J. Dick); *Pearl River Basin Land and Dev. Co., L.L.C. v. State, ex rel. Governor's Office of Homeland Sec. and Emergency Preparedness*, 29 So. 3d 589, 592 (La. App. 1st Cir. 2009). Plaintiffs also have not alleged any facts purporting to show that Ray was or is a third-party beneficiary to the contracts executed by and between Ludwig and Defendant. Ray therefore has no standing to bring the claims outlined in the Complaint, and will be dismissed as a party.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion To Dismiss For Lack Of Jurisdiction (Doc. 58)** is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff William J. Ray's claims be and are hereby **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff William J. Ray be and is hereby **TERMINATED** as a party to this action.

Baton Rouge, Louisiana, this 5th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**