UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELAINE LUDWIG, ET AL.                                          CIVIL ACTION

VERSUS

PHH MORTGAGE CORPORATION                       NO. 22-00349-BAJ-EWD

### RULING AND ORDER

On June 5, 2024, the Court entered an Order requiring that Plaintiff Elaine Ludwig submit to a trial deposition by July 8, 2024, or risk dismissal of her suit. (Doc. 74). The Court entered this Order after Defendant's repeated requests to dismiss the above-captioned action for Ludwig's flat refusal to be deposed for over one year, despite eventually being properly noticed. (Docs. 51, 61, 71 at p. 6, 78 at p. 2). The Court has agreed with Defendant that Ludwig's testimony is essential to her claims, and that an inability to depose Ludwig has been prejudicial to Defendant's ability to litigate the matter. (*See* Docs. 51, 71, 74). On July 5, 2024, Plaintiffs filed a premature Notice of Appeal, which sought review of the Order requiring Ludwig to submit to a trial deposition or risk dismissal of her suit, and the Ruling and Order entered contemporaneously therewith dismissing Plaintiff William Ray for lack of standing. (Doc. 77). Plaintiffs' appeal has been dismissed by the U.S. Court of Appeals for the Fifth Circuit for want of prosecution. (Doc. 86). The July 8, 2024, deadline has passed, and Plaintiff Elaine Ludwig has continued to refuse to submit to any deposition.

Federal Rule of Civil Procedure 37(d) allows a court, upon request, to sanction a party that fails to appear for a properly noticed deposition. Sanctions available to

courts include dismissing the action in whole or in part. Fed. R. Civ. P. 37(d)(3). Additionally, Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action when a plaintiff fails to comply with a court order. "Dismissal with prejudice is warranted when lesser sanctions would prove futile and/or where a party continues in a pattern of delay, in the face of warnings of dismissal." *Atkins v. Ferro Corp.*, No. CV 03-945-A-M2, 2006 WL 8432342, at *3 (M.D. La. Aug. 14, 2006) (Noland, M.J.), *adopted* (Sept. 14, 2006) (Parker, J.). Deliberate, repeated refusals to comply with discovery orders justifies a dismissal with prejudice. *Id.* (citing *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083 (5th Cir. 1985)). Here, the essential role of Ludwig's testimony, her continued refusal to be deposed, her failure to comply with her discovery obligations, along with the Court's Ruling and Order requiring she submit to a deposition, and the entire record before the Court shows that any sanction less than dismissal with prejudice would prove futile.

Accordingly,

**IT IS ORDERED** that, pursuant to Federal Rules of Civil Procedure 37(d) and 41(b), the above-captioned matter be and is hereby **DISMISSED WITH PREJUDICE**.

Final judgment shall issue separately.

Baton Rouge, Louisiana, this 24th day of September, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

3